UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
KISUK CHA,                                                       :
                                                                 :
                                    Plaintiff,                   :
                                                                 :           **MEMORANDUM AND ORDER**
                        -against-                                :           12-CV-4523(DLI)(JMA)
                                                                 :
HOOTERS OF AMERICA, LLC;                                         :
STRIX, LLC; I.S. WINGS, L.L.C.;                                  :
F.M. WINGS, L.L.C.; "220 SHENIKA;                                :
and "JANE DOE,"                                                  :
                                                                 :
                                    Defendant.                   :
---------------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Kisuk Cha ("Plaintiff") brings this action against Hooters of America, LLC ("HOA"), Strix LLC, I.S. L.L.C., F.M. Wings, L.L.C., "220 Shenika," and Jane Doe (collectively "Defendants"). Plaintiff alleges that Defendants discriminated against him, on the basis of race, in violation of Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. 2000a(a); 42 U.S.C. § 1981 ("Section 1981"); 42 U.S.C. § 1985 ("Section 1985"); 42 U.S.C. § 1988 ("Section 1988"); the New York State Human Rights Law ("NYSHRL") § 296.2; and the New York City Human Rights Administrative Code ("NYCHRL") § 8-107(4). (*See* Amended Complaint ("Am. Compl."), Doc. Entry No. 20.) He asserts additional claims of libel, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED") arising under New York law. (*Id.*) Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, HOA moves to dismiss Plaintiff's action with prejudice for failure to state a claim (*see* HOA's Motion to Dismiss ("Mot. to Dismiss"), Doc. Entry No. 22), which Plaintiff opposes (*see* Plaintiff's Memorandum in Opposition to Mot. to Dismiss ("Pl. Opp."), Doc. Entry No. 24). Alternatively, Plaintiff moves for leave to amend the Amended Complaint. (Pl. Opp. at

10.) For the reasons set forth below, HOA's motion is granted and Plaintiff's claims against HOA are dismissed with prejudice.

## BACKGROUND[1]

On July 1, 2012, Plaintiff, a person of Korean descent, and a companion, ordered food from a Hooters restaurant in Fresh Meadows, New York ("Fresh Meadows Hooters"). (Am. Compl. ¶¶ 7, 19.) Plaintiff alleges that, while waiting for his order, restaurant employees, including "220 Shenika" and Jane Doe, laughed at a computer screen and gawked at him. (*Id.* ¶ 25.) Subsequently, Plaintiff received two computer generated credit card receipts from "220 Shenika" with the racial epithet "Chinx" in the space designated for customer name or identification. (*Id.* ¶ 26.) Shortly thereafter, Plaintiff filed the instant motion against Defendants.

Defendant HOA is the franchisor of Hooters chain restaurants. (*Id.* ¶ 8.) Strix, LLC is registered as a foreign limited liability company and the parent company of F.M. Wings, L.L.C., which is the legal owner of the Fresh Meadows Hooters where "220 Shenika" and Jane Doe are employed and where the alleged discrimination against Plaintiff occurred. (*Id.* ¶¶ 9, 11.) I.S. Wings, L.L.C. contracted with HOA to establish the Fresh Meadows Hooters restaurant and is a former franchisee of HOA. (Memorandum in Support of HOA's Motion to Dismiss ("HOA Mem."), Doc. Entry No. 22-1, at 1 n.3.)

## LEGAL STANDARD FOR DISMISSAL

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

---

[1] Except as otherwise indicated, the following facts were taken from Plaintiff's Amended Complaint.

(1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g., Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

## DISCUSSION

Plaintiff contends HOA, collectively with other Defendants, is vicariously and directly liable for violations of federal and state law arising from the use of a racial epithet at Fresh Meadows Hooters. (Am. Compl. ¶ 17.) Plaintiff supports his allegations of vicarious liability with theories of actual and apparent authority. (*Id*.)

**I.      HOA Is Not Vicariously Liable for the Alleged Discrimination**

Under New York law, "[i]n deciding whether a franchisor may be held vicariously liable for acts of its franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and, more specifically, whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case." *Wu v. Dunkin' Donuts, Inc.,* 105 F. Supp. 2d 83, 87 (E.D.N.Y. 2000).

**A.      HOA Had No Actual Authority over Fresh Meadows Hooters Employees**

A franchisor is not liable under a theory of actual authority when it lacks day-to-day control over the instrumentality that gives rise to a plaintiff's claim. *See Perry v. Burger King Corp.*, 924 F. Supp. 548, 554 (S.D.N.Y. 1996). To determine whether a franchisor exercises day-to-day control, courts look to the franchise agreement or publications by the franchisor. *See Wu* 105 F. Supp. 2d at 90.

Plaintiff contends he should be able to proceed to discovery to obtain HOA's franchise agreement and operations manual. (Pl. Opp. at 6.) Plaintiff correctly notes that few New York cases address franchisor liability in motions to dismiss. *See Toppel v. Marriot Int'l, Inc.*, 2006 WL 2466247, *7 (E.D.N.Y. Aug. 24, 2006); *see also Wu* 105 F. Supp. 2d at 87 (collecting cases decided on summary judgment). However, in granting a motion to dismiss, the court in *Reeve v. SEI/Aaron's, Inc.*, 2008 WL 905908, *3 (W.D.N.Y. Mar. 31, 2008), held discovery was not necessary to determine the degree of franchisor control pursuant to an employee discrimination claim. There, the court found that "[t]he "franchise materials submitted by plaintiff in response to the motion simply do not establish that [the franchisor] had any role in the decisions on which plaintiff's specific allegations relating to discrimination . . . are based." *Reeve*, 2008 WL 905908 at *3. The court based its determination on a franchise publication indicating the franchisor

would "assist its franchisee in the areas of site selection, personnel selection, training, marketing, communication and volume purchasing and w[ould] provide ongoing support." *Id*. *But see Toppel*, 2006 WL 2466247 at *7 (denying motion to dismiss as "the face of the Franchise Agreement" indicates that the franchisor "wields significant influence over the operations of the [franchisee]" as the franchisor participates in designing the training program for the franchisee's employees, sets the standards for renovations to the franchisee's premises, sets requirements for promotional materials, and is indemnified by the franchisee).

Here, Plaintiff relies on HOA's website to establish that HOA "controls the employment training aspect of the operations of its franchisees." (Am. Compl. ¶ 13; Pl. Opp. at 6.) The website indicates that HOA provides "initial and on-going support" to its franchisees, related to "Operations, Development, Training, Supply Chain, Quality Assurance, and Marketing." (Am. Compl. ¶ 8.) However, claiming that a franchisor will train a franchisee and assist in its operation does "not sufficiently allege[] that the franchisor exercise[s] sufficient control" to impose vicarious liability. *Manos v. Geissller*, 377 F. Supp. 2d 422, 428, n.1 (S.D.N.Y. 2005); *see also Wu*, 105 F. Supp. 2d at 90 (finding "the weight of authority construes franchisor liability narrowly"). Moreover, Plaintiff alleges that it was Strix, LLC, rather than HOA, which "at all relevant times, directly engaged and controlled the daily operation, development, and training of its subsidiaries . . . and their respective employees." (Am. Compl. ¶ 10.) Accordingly, Plaintiff's Amended Complaint does not contain sufficient factual matter relating to HOA's day-to-day control over Fresh Meadows Hooters to permit the claims to proceed under a theory of actual authority. Plaintiff's claims are dismissed to the extent that they assert that HOA is vicariously liable under a theory of actual authority.

### B. HOA Had No Apparent Authority over Fresh Meadows Hooters Employees

Plaintiff further alleges HOA is vicariously liable under the theory of apparent authority. (Am. Compl. ¶ 17.) Under New York agency law, a principal may be bound by the actions of its agent through apparent authority. "Apparent authority exists only where 'words or conduct of the principal, communicated to a third party . . . give rise to the appearance and belief that the agent possesses authority to enter into a transaction.'" *In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 463 (E.D.N.Y. 2007) (quoting *Hallock v. State of N.Y.*, 64 N.Y. 2d 224, 231 (1984)). "Apparent authority for an agency relationship depends upon reasonable reliance at the time of a contract . . . ." *Dinaco, Inc. v. Time Warner, Inc.*, 346 F. 3d 64, 70 (2d Cir. 2003).

Here, Plaintiff points to HOA's website to establish HOA's apparent agency over Fresh Meadows Hooters." (Pl. Opp. at 8.) However, Plaintiff establishes no facts that he relied on HOA's website information at the time of contract, *i.e.,* at the time of his food purchase. Plaintiff further contends that HOA had apparent authority over Fresh Meadows Hooters because there were no signs indicating Stix, LLC's or F.M. Wings, L.L.C.'s independent ownership. (*Id.* at 9.) The display of HOA's trademark in the restaurant instead of Strix, LLC and F.M. Wings, L.L.C. does not create apparent authority. *See Dinaco,* 346 F. 3d at 69 (finding a franchisor's trademark on a franchisee's product, without more, does not create apparent authority). Accordingly, the pleadings are insufficient to permit Plaintiff to proceed on a theory of apparent authority.

### II. HOA is Not Directly Liable for Federal and State Law Claims

Plaintiff alleges that HOA is directly liable as well. "Like the vicarious liability analysis, the direct liability cases also look to the franchisor's actual control or retained right of control"

over the franchisee's premises. *Allen v. Choice Hotels Int'l, Inc*., 276 F. App'x 339, 342 n.4 (4th Cir. 2008) (quotation marks omitted). Plaintiff alleges no facts that HOA exercised day-to-day control over the Fresh Meadows Hooters employees. Accordingly, the claims cannot proceed under a theory of direct liability. Moreover, Plaintiff fails to state claims against HOA under Section 1985, Title II, Section 1981, Section 1988, and New York law for other reasons.

### A.     Plaintiff's Claim under Section 1985 is Dismissed

Section 1985 creates a cause of action for a conspiracy to violate civil rights. *See* 42 U.S.C. § 1985. Under Section 1985, a plaintiff must establish: (1) the existence of a conspiracy between defendants; (2) defendants' intent to deprive plaintiff of equal protection of the laws or the equal privileges and immunities under the law; (3) commission of an act in furtherance of the conspiracy; and (4) deprivation of plaintiff's rights. *See Farbstein v. Hicksville Pub. Library*, 254 F. App'x 50, 51 (2d Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F. 3d 143, 176 (2d Cir. 2007)). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord,* 340 F. 3d 105, 110-11 (2d Cir. 2003) (quotation marks omitted); *see also X–Men Sec., Inc. v. Pataki*, 196 F. 3d 56, 71 (2d Cir. 1999) (finding conclusory allegations of defendants' alleged participation in a conspiracy are inadequate to make a claim under Section 1985). There are no allegations that support a conspiracy between HOA and the remaining Defendants to deprive Asian Americans of their civil rights. *See Morpurgo v. Inc. Vill. of Sag Harbor*, 697 F. Supp. 2d 309, 340 (E.D.N.Y. 2010) (granting motion to dismiss after finding no basis for conspiracy). Accordingly, Plaintiff's Section 1985 claim against HOA is dismissed.

### B. Plaintiff's Claim under Title II is Dismissed

Under Title II, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the grounds of race." 42 U.S.C. § 2000a(a). A place of "public accommodation" is "an establishment affecting interstate commerce" that engages in "selling food for consumption on the premises." 42 U.S.C. § 2000a(b). To survive dismissal, a plaintiff must additionally plead that other individuals, not of his or her protected class, received different treatment, and allege facts supporting a discriminatory motive. *See Goonewardena v. N. Shore Long Island Jewish Health Sys.*, 2012 WL 7802351, at *9 (E.D.N.Y. Nov. 5, 2012) (dismissing public accommodation claim).

In the instant action, Plaintiff alleges Defendants implemented a "policy or practice of denying Asian customers" equal enjoyment of services on account of race when Fresh Meadows Hooters employees "created, maintained, printed, and distributed" racially discriminatory receipts. (Am. Compl. ¶¶ 48-49.) The racial epithet on Plaintiff's receipt is evidence that he was denied full and equal enjoyment of services on the grounds of his race. However, HOA's direct liability in a practice of discrimination at Fresh Meadows Hooters is not sufficiently pleaded. Moreover, Plaintiff does not provide sufficient factual allegations regarding HOA's day-to-day control over Fresh Meadows Hooters employment. Accordingly, Plaintiff's Title II claim is dismissed.

### C. Plaintiff's Claim under Section 1981 is Dismissed

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). "To establish a claim under

42 U.S.C. § 1981, a plaintiff must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta*, 221 F. 3d 329, 339 (2d Cir. 2000) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F. 3d 1085, 1087 (2d Cir. 1993)). "In order to survive a motion to dismiss, the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint." *Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 555 (E.D.N.Y. 2005) (internal quotations omitted). The Second Circuit has found civil rights claims sufficiently pleaded when the complaint states that plaintiffs belong to a protected class, describes defendants' actions in detail, and alleges that defendants selected plaintiffs for maltreatment solely because of their race. *See Phillip v. Univ. of Rochester*, 316 F. 3d 291, 298-99 (2d Cir. 2003).

Plaintiff contends Defendants refused to contract with him on equal terms when Fresh Meadows Hooters employees created racially offensive receipts in violation of Section 1981. (Am. Compl. ¶ 55.) In support of his Section 1981 claim, Plaintiff alleges that HOA, collectively with the other Defendants, failed to monitor a "pattern and practice of refusing to contract with Plaintiff on equal terms" when Fresh Meadows Hooters employees created racially offensive receipts. (Am. Compl. ¶ 55.) To state a claim for negligent supervision and direct liability under New York law, "a plaintiff must show[] that the tort-feasor and the defendant were in an employee-employer relationship." *Ehrens v. Lutheran Church*, 385 F. 3d 232, 235 (2d Cir. 2004). The Amended Complaint is void of any allegations as to HOA's status as an employer of "220 Shenika." Accordingly, Plaintiff's Section 1981 claim against HOA is

dismissed.[2]

### D. Plaintiff's Claims under Section 1988 and State Law are Dismissed

Section 1988 allows a prevailing party to seek reimbursement for reasonable attorneys' fees. *See Shue v. United States,* 2010 WL 3613858, at *4 (E.D.N.Y. Sept. 3, 2010). However, Section 1988 does not create an independent cause of action. *Id*. Because each of Plaintiff's substantive claims were dismissed, Plaintiff's claim under Section 1988 fails as well.

Finally, Plaintiff's state law claims of libel, IIED, and NEID are dismissed as the Court declines to exercise jurisdiction over these remaining supplemental claims.

## III. Plaintiff's Motion for Leave to Amend is Denied

"[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 200 (2d Cir. 2007). If repleading would be futile, courts should refrain from granting leave to amend. *See Cuoco v. Moritsugu,* 222 F. 3d 99, 112 (2d Cir. 2000). Moreover, "an amendment is not warranted absent some indication as to what appellants might add to their complaint in order to make it viable." *Horoshko v. Citibank, N.A.,* 373 F. 3d 248, 249 (2d Cir. 2004) (internal quotation omitted). Plaintiff has failed to offer any indication of what he would add to a second Amended Complaint beyond "additional information." (Pl. Opp. at 10.) The Court finds that repleading would not change the fundamental deficiencies in Plaintiff's Amended Complaint, and that amendment would be futile. Accordingly, Plaintiff's motion for leave to amend is denied.

---

[2] Both Plaintiff's discrimination claims arising under the NYSHRL and the NYCHRL are governed by the same standard as his Section 1981 claim. *See Constance v. Pepsi Bottling Co. of N.Y.*, 2007 WL 2460688, at *14 (E.D.N.Y. Aug. 24, 2007) (dismissing NYSHRL and NYCHRL discrimination claims on the same grounds as a Section 1981 claim). Accordingly, these claims are dismissed for the same infirmities.

## CONCLUSION

For the reasons set forth above, HOA's motion to dismiss is granted with prejudice and Plaintiff's motion to amend the complaint is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2013

/s/
DORA L. IRIZARRY
United States District Judge